IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 7, 2013

## SANDRA HENDRICKS FRANKLIN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5975     Joseph H. Walker, Judge**

_____

**No. W2012-01445-CCA-R3-PC - Filed September 26, 2013**

_____

NORMA MCGEE OGLE, J., dissenting.

I respectfully disagree with the majority's upholding the trial court's summary dismissal of the petitioner's pro se post-conviction petition. I acknowledge that the petition was filed beyond the one-year statute of limitations for filing a post-conviction petition. See Tenn. Code Ann. § 40-30-102(a). However, our supreme court has held that due process may require the statute of limitations to be tolled in cases where its strict application would deny the petitioner "'a reasonable opportunity to assert a claim in a meaningful time and manner.'" Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001) (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)). Notably, "a post-conviction petitioner should not be denied a reasonable opportunity to raise a claim due to another's misconduct." Sample v. State, 82 S.W.3d 267, 277 (Tenn. 2002); see also Williams, 44 S.W.3d at 468.

The majority concludes that "other than a bare allegation that Petitioner did not know of the November 10, 2010 date of the supreme court's action, Petitioner fails to allege any circumstances that prevented her from filing the petition in a timely fashion or any situation that would require tolling of the statute of limitations." The petitioner alleged in her petition that she did not "receive[] any notification concerning the Supreme Court's ruling" and that she "wait[ed] for correspondence from [c]ounsel, but never received a response." She filed her petition approximately six months after the statute of limitations expired. Previously, this court has concluded that a petitioner who alleged that he was afforded no notice of the denial of his application for permission to appeal to the supreme court was entitled to an evidentiary hearing "'to determine (1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling.'" Michael Braxton v. State, No. M2004-00791-CCA-R3-PC, 2005

WL 1303121, at *3 (Tenn. Crim. App. at Nashville, May 31, 2005) (quoting Williams, 44 S.W.3d at 471). In my view, the instant case warrants a hearing to determine if due process concerns require the tolling of the statute of limitations. Therefore, I would reverse the post-conviction court's decision and remand for a hearing.

_____
NORMA MCGEE OGLE, JUDGE